# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2007

Charles R. Fulbruge III
Clerk

No. 06-11360
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ERIC MOSQUEDA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-243-2

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eric Mosqueda appeals the 36-month sentence imposed after revocation of his supervised release. Mosqueda argues that after United States v. Booker, 543 U.S. 220 (2005), sentences imposed upon revocation of supervised release should be reviewed for reasonableness; that this court's holding in United States v. Mares, 402 F.3d 511 (5th Cir. 2005), extends to revocation sentences such that a district court is required to carefully articulate its reasons when imposing a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revocation sentence outside of the guidelines range; and that a revocation sentence within the statutory maximum allowed is not necessarily reasonable. Mosqueda's arguments relate to the applicable standard of review. Mosqueda has waived the issue whether his own revocation sentence is unreasonable by failing to brief the issue on the merits. See United States v. Thames, 214 F.3d 608, 612 n.3 (5th Cir. 2000). Further, the record demonstrates that the district court considered the Chapter 7 policy statements and the 18 U.S.C. § 3883 factors and provided sufficient reasons; the court explained that it imposed the 36-month sentence because Mosqueda not only absconded but repeatedly violated the conditions of his supervised release. The district court selected the statutory maximum without additional supervision because it believed that Mosqueda would not abide by the conditions of supervision, for punishment, and to deter Mosqueda and protect the public from further criminal activity.

Mosqueda asserts in a footnote that his guidelines range was determined in violation of his Fifth and Sixth amendment rights based on admitted facts for which he maintained "no right of jury trial, indictment, or proof beyond a reasonable doubt." He does not brief this issue sufficiently and has waived any such argument. See id. For purposes of preservation for further review, Mosqueda also asserts that applying a presumption of reasonableness to sentences within a properly calculated guidelines range is unconstitutional. Because Mosqueda's revocation sentence exceeded the applicable guidelines range, such a presumption is not relevant to his case.

Accordingly, the district court's judgment is AFFIRMED.